IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT L. SUMLIN,**

    **Petitioner,**

**v.**                                                                                **Civil Action No. 1:17cv200**
                                                                                 **(Judge Kleeh)**

**WARDEN FREDERICK WENTZEL, JR.,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On November 22, 2017, Robert L. Sumlin ("Petitioner") filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241. By Order entered December 1, 2017, the Clerk was directed to apply the filing fee Sumlin paid in a previous case to the instant one and to correct the Respondent's name on the docket.

On September 4, 2018, Sumlin filed a mandamus action in the Fourth Circuit Court of Appeals, alleging undue delay in these proceedings. ECF No. 8.

By Miscellaneous Case Order entered December 1, 2018, this case was reassigned from Judge Irene M. Keeley to Judge Thomas S. Kleeh.

Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Southern District of Ohio. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. Facts

A. <u>**Underlying Conviction, Appeal, and Motion to Vacate**</u>[1]

On April 14, 2014, in the United States District Court for the Southern District of Ohio, Petitioner Pled guilty to Counts One and Nine of a Superseding Indictment. ECF No. 95. Count One was Conspiracy to Distribute and Possess with Intent to Distribute in Excess of One Kilogram of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(B)(i) and (b)(1)(C), and Count Nine was being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 72.

On October 16, 2014, Petitioner was sentenced to 288 months on Count One and 120 months on Count Nine, to run concurrently, for an aggregate sentence of 288 months imprisonment, and 5 years supervised release on Count One, and 3 years supervised release on Count Nine, to run concurrently, for an aggregate term of 5 years. ECF No. 128 at 3 - 4. He was also ordered to pay a $10,000.00 fine and to forfeit a certain handgun and ammunition, $161.00 in U.S. currency, and a 2004 Mercedes Benz E500 automobile. <u>Id.</u> at 6 – 7.

Petitioner filed a notice of appeal. ECF No. 130. The sole ground Petitioner raised on appeal was the substantive reasonableness of his sentence, in which he argued that the court did not properly consider the sentencing factors set forth in 18 U.S.C. § 3553. By Order entered June 1, 2015, the Sixth Circuit Court of Appeals granted the Government's motion to dismiss the appeal based on the waiver of appellate rights in Sumlin's plea agreement. ECF No. 153. Petitioner did not petition for a writ of *certiorari*.

On May 31, 2016, Petitioner filed a Motion under 28 U.S.C. § 2255, alleging two grounds; first, that his offense level under the Sentencing Guidelines was improperly enhanced by finding

---

[1] The citations in this section are to Petitioner's underlying criminal case, which can be located on PACER at United States District Court for the Southern District of Ohio, Case No. 3:13cr176-1.

that more than 4 kilograms of cocaine were involved in the conspiracy and by finding that he was a leader of the conspiracy; and second, that he made a proffer that he believed should have resulted in a 3-point reduction in his offense level under the Sentencing Guidelines. ECF No. 154. A July 11, 2016 Report and Recommendation ("R&R") noted that Petitioner forfeited both grounds when he failed to raise them as objections to the PreSentence Investigation Report ("PSR"), and that no certificate of appealability should issue. ECF No. 155. On August 29, 2016, an Order Adopting the R&R was entered, and the § 2255 motion was dismissed with prejudice. ECF No. 156.

### B. § 2241 Petition

In his pending Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed without a memorandum in support and without citing to any law, Petitioner argues that

1) ineffective assistance of counsel occurred during plea bargaining, when counsel failed to

    a) ensure that he would receive sentence reduction for substantial assistance to the government, and failed to adequately explain the terms of the same, given that the terms were not included in the plea agreement;

    b) failure to explain the concept of "relevant conduct" before Petitioner accepted the plea; and

    c) failed to object to the agent making statements of fact in support of the elements of the crime.

2) Counsel was ineffective before and during the sentencing hearing, for

    a) failing to object to Petitioner's enhanced sentence and argue for a reduction, based on the successful proffer meeting which was no reflected in the plea agreement;

    b) in not objecting to the drug weight calculated in the conspiracy; and

    c) failing to challenge the characterization of Petitioner's leadership role in the conspiracy, resulting in an enhanced sentence.

3) The prosecutor committed misconduct by using a Special Agent to furnish the statement of facts to support the elements of the offense Petitioner pled to, enabling the prosecutor to secure Petitioner's conviction and enhance his sentence, when Petitioner did not know in advance what those facts would be.

      4) The prosecutor committed misconduct when he arranged a proffer meeting to obtain information from Petitioner that was useful in Petitioner's own prosecution and in the investigation and prosecution of others, without giving Petitioner any credit, when the "sole purpose of agreeing to the arrangement and meeting [with the prosecutor] was to get a good deal and not risk getting alot [sic] of time and taking responsibility for my actions." Id. at 6 - 7.

      Sumlin asserts that he has already presented the grounds in his petition, either on direct appeal or within his § 2225 motion. Id. at 7.

      As relief, Petitioner seeks to have his guilty pleas vacated, to be permitted to enter a new plea, or alternatively, have his sentence reduced. Id. at 8.

      Petitioner contends that his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention because his direct appeal was denied as a result of the waiver in his plea agreement; the appeal court did not give consideration to the plea colloquy or whether Petitioner completely understood the plea agreement, and his § 2255 motion was "summarily denied" with no adjudication on its merits. Id. at 9.

### III. Legal Standard

**A. Review of Petitions for Relief**

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## B. *Pro Se* **Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## C. **Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "[T]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective; the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

(1) The date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must still meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

7

## IV. Analysis

Here, although Sumlin appears to assert that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. First, to the extent that Sumlin is challenging his conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was convicted, violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(B)(i), 18 U.S.C. §§ 922(g)(1), and 924(a)(2) remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.

Moreover, while Sumlin contends that he has already raised the claims in his petition, either on appeal or in his § 2255 motion, the record does not support this. While some of his claims are *related to* claims raised previously, it is apparent from the record that Sumlin has never raised raise claims of ineffective assistance or prosecutorial misconduct on appeal or in his motion to vacate, despite the fact that the waiver of appellate rights in Sumlin's plea agreement specifically states in pertinent part, that "[t]his waiver shall not be construed to bar claims by Defendant that he either was deprived of the effective assistance of counsel or [that] prosecutorial misconduct occurred in his case."[4]

As noted *supra*, the remedy provided under § 2255 is not rendered inadequate and ineffective if a prisoner presents a claim in a § 2255 motion but was denied relief, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. See In re Vial, 115 F. 3d at 1194 n. 5. Section 2255(e) states that a § 2241 petition "shall not be entertained" if certain circumstances are present, "unless" another condition is present. 28 U.S.C. § 2255(e). See Wheeler, 886 F.3d at 425. Thus, § 2255(e) "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the

---

[4] See (sealed) Plea Agreement, a copy of which was obtained by the *pro se* law clerk ("PSLC") assigned to this case. United States v. Sumlin, S.D. Ohio Case No. 3:13cr176, ECF No. 94, ¶9 at 4.

petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." Wheeler at 425, *quoting* Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013). To the contrary, a "plain reading of the phrase 'shall not entertain'" demonstrates that "Congress intended to, and unambiguously did strip the district court of the power to act . . . unless the savings clause applies." Williams at 1339. Here, Sumlin's claims of ineffective assistance of counsel and prosecutorial misconduct could and should have been raised on direct appeal or in his § 2255 motion. Because Sumlin failed to raise them there, he is precluded by the savings clause from using § 2241 as a vehicle to do so here.

With respect to Sumlin's challenge to his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Sumlin cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of the Sumlin's sentence has not been deemed to apply retroactively to cases on collateral review. Because Sumlin cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test. Because Sumlin attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, he cannot demonstrate that § 2255 is an inadequate or ineffective remedy and he has improperly filed his petition under § 2241 with respect to his sentence.

In summary, because Sumlin cannot meet the savings clause of § 2255 under either the Jones or Wheeler tests, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### V. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: January 7, 2019

/s/ Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE