IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT L. SUMLIN**

  **Petitioner,**

**v.**             **Civ. Action No. 1:17cv200**
                 **(Judge Kleeh)**

**WARDEN FREDERICK ENTZEL, JR.,**

  **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10],
OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND
DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

Pending before the Court is Magistrate Judge Michael J. Aloi's Report and Recommendation ("R&R") concerning the Petition for Habeas Corpus Pursuant to § 2241 filed by *pro se* petitioner Robert L. Sumlin ("Petitioner"). For the reasons set forth below, the Court **ADOPTS** the R&R. ECF No. 10.

 I. FACTUAL BACKGROUND

Petitioner is currently incarcerated at FCI Hazelton.[1] On April 14, 2014, he pled guilty to Counts One and Nine of a superceding indictment in the United States District Court for the Southern District of Ohio. ECF No. 95 (S.D. Ohio).[2] On October 16, 2014, he was sentenced to 288 months in prison and 5

---

[1] *See* https://www.bop.gov/inmateloc/.
[2] All citations that refer to "(S.D. Ohio)" are referring to Petitioner's underlying criminal case, which can be located on PACER at United States District Court for the Southern District of Ohio, Case No. 3:13cr176-1. Count One was Conspiracy to Distribute and Possession with Intent to Distribute in Excess of One Kilogram of Heroin. ECF No. 128 (S.D. Ohio), at 2. Count Nine was being a Felon in Possession of a Firearm. *Id.*

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10],
OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND
DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

years of supervised release for Count One, along with 120 months in prison and 3 years of supervised release for Count Nine, to run concurrently for a total of 288 months in prison and 5 years of supervised release. ECF No. 128 (S.D. Ohio), at 3–4.

Petitioner filed a notice of appeal, and the sole ground he raised was the reasonableness of his sentence. *See* ECF No. 153 (S.D. Ohio), at 3. He did not argue ineffective assistance of counsel or prosecutorial misconduct. *Id.* The United States Court of Appeals for the Sixth Circuit dismissed the appeal based on the waiver of appellate rights in his plea. *Id.* Petitioner did not file for a writ of certiorari.

Petitioner also filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Southern District of Ohio. ECF No. 154 (S.D. Ohio). He alleged (1) that the offense level he reached under the sentencing guidelines was improperly enhanced by finding the wrong amount of cocaine was involved in the conspiracy and that he was a member of the conspiracy; and (2) that he made a proffer he believed should have resulted in a 3-point reduction in his offense level under the guidelines. *Id.* at 13–14. On August 29, 2016, the Southern District of Ohio dismissed the motion with prejudice. ECF No. 156 (S.D. Ohio).

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

On November 22, 2017, Petitioner filed his 28 U.S.C. § 2241 petition in this Court. ECF No. 1. On September 4, 2018, he filed a mandamus action in the United States Court of Appeals for the Fourth Circuit for undue delay. ECF No. 8. On December 1, 2018, the case was transferred from United States District Judge Irene M. Keeley to United States District Judge Thomas S. Kleeh. ECF No. 9.

In his § 2241 petition, Petitioner asserts (A) ineffective assistance of counsel during his plea agreement bargaining; (B) ineffective assistance of counsel during sentencing preparation; (C) prosecutorial misconduct due to his unawareness of the facts to be used against him; and (D) prosecutorial misconduct due to not receiving the benefit from his proffer that he believed he would receive. ECF No. 1, at 5–6. In his petition, he claims that he already asserted these grounds in his appeal to the Sixth Circuit and in his § 2255 petition. *Id.* at 3. Petitioner requests that the Court vacate his guilty plea and allow him to plea anew or, in the alternative, reduce his sentence. *Id.* at 8.

II. **LEGAL STANDARD**

A petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is intended to address the execution of a sentence, not its validity. *In re Vial*, 115 F.3d 1192, 1194 n.5

**Sumlin v. Entzel**                                                  1:17cv200

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10],
OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND
DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

(4th Cir. 1997). Prisoners who wish to challenge the validity of their convictions or sentences are required to do so pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. Nonetheless, § 2255 provides a "savings clause" that allows a prisoner to challenge the validity of his conviction or sentence under § 2241 if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* § 2255(e).

The Fourth Circuit has established the following requirements to show that a § 2255 petition is inadequate or ineffective to test the legality of a conviction:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prison was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). In *United States v. Wheeler*, the Fourth Circuit broadened *Jones* to find "that § 2255(e) must provide an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and *Jones* is applicable to fundamental sentencing errors, as well as

**Sumlin v. Entzel**                                                         1:17cv200

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10],
OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND
DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

undermined convictions." 886 F.3d 415, 428 (4th Cir. 2018). The court found that § 2255 is inadequate and ineffective to test the legality of a sentence when the following conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Importantly, § 2255(e) "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." *Id.* at 425 (citing *Williams v. Warden*, 713 F.3d 1332, 1338 (11th Cir. 2013)). In fact, the Fourth Circuit has found that "Congress intended to, and unambiguously did strip the district court of the power to

**Sumlin v. Entzel**                                                      1:17cv200

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10],
OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND
DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

act . . . unless the savings clause applies." *Wheeler*, 886 F.3d at 426 (citing *Williams*, 713 F.3d at 1339).

### III. REPORT AND RECOMMENDATION

On January 7, 2019, Magistrate Judge Aloi issued an R&R in this matter, recommending that the petition be denied without prejudice because Petitioner did not meet the requirements for application of the savings clause. ECF No. 10, at 9–10. Judge Aloi notes that Petitioner did not meet the second element of *Jones* because the crimes of which he was convicted remain criminal offenses. *Id.* at 8. Furthermore, Petitioner fails the second prong of the *Wheeler* test because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. *Id.* at 9.

Furthermore, Judge Aloi writes that a § 2255 remedy cannot be found inadequate due to "a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." *Id.* at 6 (citing *Vial*, 115 F.3d at 1194 n.5). He concludes that the record does not indicate that Petitioner raised a claim of ineffective assistance of counsel or prosecutorial misconduct either on

**Sumlin v. Entzel**                                                       1:17cv200

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10],
OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND
DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

appeal or in his § 2255 motion.[3] *Id.* at 8. Therefore, because he failed to raise these claims earlier, he is precluded from using § 2241 as a vehicle to do so. *Id.* at 9. In summary, Judge Aloi concluded that Petitioner failed to meet the savings clause under both *Jones* and *Wheeler*, so the case must be dismissed. *Id.* at 9–10.

## IV. PETITIONER'S OBJECTIONS

Petitioner filed his objections to Judge Aloi's R&R on January 17, 2019. ECF No. 12. He argues that contrary to Judge Aloi's determination, he did allege ineffective assistance of counsel in his appeal and in his § 2255 petition. *Id.* at 2. He also claims that he alleged prosecutorial misconduct in his § 2255 petition. *Id.* Petitioner attached three exhibits in support of his objections: a copy of his § 2255 petition (ECF No. 12-3 (Exhibit C)); a printout of the R&R issued by United States Magistrate Judge Michael R. Merz in the Southern District of Ohio recommending dismissal of Petitioner's § 2255 petition (ECF No. 12-2 (Exhibit B)); and a transcript from Petitioner's plea hearing (ECF No. 12-4 (Exhibit D)).

---

[3] Judge Aloi notes that Petitioner failed to raise these claims earlier even though his plea agreement says that "[t]his waiver shall not be construed to bar claims by Defendant that he either was deprived of the effective assistance of counsel or [that] prosecutorial misconduct occurred in his case." ECF No. 10, at 8.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10], OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

## V. ANALYSIS

The district court is required to review *de novo* "those portions of the report or . . . recommendations to which an objection is made." 28 U.S.C. § 636. Upon *de novo* review, the Court finds that Magistrate Judge Aloi properly applied the controlling law and that the petition should be dismissed.

Petitioner is challenging the validity of his conviction and his sentence. His petition, therefore, is inappropriately filed under § 2241 unless he can show that he meets the requirements of the savings clause under § 2255. Because he is challenging both his conviction and his sentence, he is subject to both the *Jones* and the *Wheeler* tests described above.

In examining the elements of the *Jones* test, it is apparent that Petitioner cannot meet the requirements. The crimes of which he was convicted remain criminal offenses, so the second element of *Jones* is not satisfied.[4] Therefore, Petitioner has not shown that he qualifies for application of the savings clause for his challenge to his conviction.

Next, it is also clear that Petitioner does not meet the requirements under the *Wheeler* test. Petitioner does not meet

---

[4] Petitioner was convicted for violations of 21 U.S.C. § 846; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(B)(i), and (b)(1)(C); and 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 128 (S.D. Ohio), at 2.

**Sumlin v. Entzel** 1:17cv200

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10],
OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND
DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

the second prong of *Wheeler* because there has been no change to substantive law that applies retroactively on collateral review. Therefore, Petitioner has not shown that he qualifies for application of the savings clause for his challenge to his sentence.

Petitioner argues that he has already raised claims of ineffective assistance of counsel and prosecutorial misconduct in either his motion to appeal or his § 2255. As Judge Aloi noted in his R&R, indication of this is nonexistent in the record. The United States Court of Appeals for the Sixth Circuit specifically noted that Petitioner did not assert or argue either ineffective assistance of counsel or prosecutorial misconduct in his direct appeal to that court. ECF No. 153 (S.D. Ohio), at 3. Evidence of raising these claims earlier is also nonexistent in the documents Petitioner attached to his objections. Petitioner could have raised his claims on direct appeal or in his § 2255 motion. Because he failed to do so and because he has not met the requirements of the savings clause, he is precluded from raising them in a § 2241 motion. Accordingly, this Court is without jurisdiction to consider his petition.

**Sumlin v. Entzel**                                                             1:17cv200

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 10],
OVERRULING PETITIONER'S OBJECTIONS [ECF NO. 12], AND
DENYING AND DISMISSING § 2241 PETITION [ECF NO. 1]**

## VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R [ECF No. 10]; **OVERRULES** Petitioner's objections [ECF No. 12]; **DENIES** Petitioner's § 2241 petition [ECF No. 1]; and **ORDERS** that this case be **DISMISSED** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Court directs the Clerk to enter a separate judgment order and to transmit copies of it and this Order to the *pro se* petitioner via certified mail, return receipt requested.

DATED: January 31, 2019

>  */s/* Thomas S. Kleeh
> THOMAS S. KLEEH
> UNITED STATES DISTRICT JUDGE